UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Top Shelf Models, LLC, § § § Plaintiff, § § v. § (1) Harbor Capital LLC and § (2) Tyler Scott § § Defendants. § § | Civil Action No. _____ **JURY DEMAND** |

## ORIGINAL COMPLAINT

Plaintiff Top Shelf Models, LLC ("Top Shelf"), by and through its undersigned counsel of record, hereby files its Original Complaint ("Complaint") against Defendants Harbor Capital LLC ("Harbor") and Tyler Scott ("Scott") (collectively, "Defendants"), and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff Top Shelf is a Texas limited liability company, having a principal place of business at 6116 North Central Expressway, Suite 705, Dallas, TX 75206-5162.

2. Defendant Harbor is a Texas limited liability company, having a principal place of business at 1505 Fox Sparrow Trail, Cedar Park, TX 78613-5234. Harbor may be served through its Texas Registered Agent, Levi Benkert, at 1505 Fox Sparrow Trail, Cedar Park, TX 78613.

3. Defendant Tyler Scott is a Senior Real Estate Analyst for Defendant Harbor. *See* Exhibit A, Harbor Capital Website ("Leadership"). Scott may be served at his place of employment, Harbor, at 1505 Fox Sparrow Trail, Cedar Park, TX 78613.

1

## JURISDICTION

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a) because Top Shelf's copyright infringement claims and the violations of the Digital Millennium Copyright Act (DMCA) by the Defendants arise under the copyright laws of the United States, including 17 U.S.C. § 501 *et seq.* and 17 U.S.C. § 1201 *et seq.*

5. The Court has personal jurisdiction over the Defendants because Defendant Harbor is a resident of the State of Texas, and because the Defendants committed copyright infringement, circumvented copyright protection systems, provided false copyright management information, and/or removed copyright management information from the copyrighted work, in whole or in part, in the State of Texas (as described in more detail below). Defendant Scott breached a contract, the terms of which are governed by the Terms of Use contained in the copyrighted work, that was formed in the State of Texas, performed by Top Shelf in the State of Texas, and included a choice of law and forum selection provision in which Scott expressly agreed to "submit and consent to the personal jurisdiction of the courts located in Dallas County, Texas for the purposes of litigating any claims relating to this Agreement." These torts and statutory violations of the Copyright Act have directly damaged Top Shelf, a Texas limited liability company with its principal place of business located in Dallas County, Texas. The exercise of personal jurisdiction over the Defendants in the State of Texas in this case is authorized by Chapter 17 of the Texas Civil Practice and Remedies Code and does not offend traditional notions of fair play and substantial justice.

## VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) and (c) because (1) this action arises from torts committed by the Defendants in this District and have damaged Top Shelf in this District, (2) the agreement that Defendant Scott breached included a mandatory venue

provision in which Defendant Scott expressly agreed that "any claim or dispute relating to this Agreement must be resolved exclusively by a state or federal court located in Dallas County, Texas," (3) a substantial part of the events or omissions giving rise to this action occurred in this District, (4) a substantial part of the property that is the subject of this action is situated in this District, and (5) the Defendants are subject to personal jurisdiction in this District at the time this case is commenced.

## FACTS

7. Top Shelf creates and sells real estate financial models, which are recognized in the industry for their accuracy, efficiency, intuitiveness, robustness, personalization, and visual appeal. Top Shelf owns all right, title, and interest in and to the copyrights in each of the financial models that it sells, including but not limited to the OFFACOM20 financial model protected by Registration Number TX 9-059-127 issued by the U.S. Register of Copyrights with an Effective Date of Registration of December 28, 2021 ("the Work"). *See* Exhibit B, OFFACOM20 Copyright Certificate. Top Shelf has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright in the Work.

8. Top Shelf's copyright in the Work is valid and subsisting, and has been valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this action have occurred.

9. The Work as sold by Top Shelf contains Copyright Management Information ("CMI"), including but not limited to the title of the Work (i.e., OFFACOM20), other information identifying the Work (e.g., the Terms of Use), the name of the author of the Work (e.g., Top Shelf

name and logo and author listing in metadata), the name of the copyright owner of the work (i.e., Top Shelf), and/or other identifying information about Top Shelf.

10. Certain portions of the Work were protected by technical features of the spreadsheet product (e.g., the Protect Workbook with Password feature) to restrict access to portions of the Work, including portions that contained CMI:



11. Defendant Scott acquired copies of multiple Top Shelf financial models, the use of which were subject to the Terms and Conditions contained in the models. *See* Exhibit C, Top Shelf Model Terms and Conditions. The purchases were made by Scott and/or by companies he is associated with (e.g., Premier Realty Group, Summit Consulting Group). For example, a copy of the Work was purchased by a person identifying themselves as "Parker Mullins," whose address is the same as the Denver Office of Summit Consulting Group, 2000 S. Colorado, Denver, Colorado 80222. Defendant Scott also purchased copies of Top Shelf financial models using the alias "Tyler Smith" of Premier Realty Group.

12. After purchasing several Top Shelf models, Defendant Scott and Premier Realty Group defaulted on Top Shelf invoices totaling approximately $15,000.00.

13. Upon information and belief, Defendant Harbor, Scott's employer, has never purchased a copy of any Top Shelf financial model.

14. Defendant Harbor is not authorized or otherwise licensed to use, copy, distribute, make derivative copies of the Work.

15. On or around October 8, 2021, Defendant Harbor, through its CEO Levi Benkert, sent an e-mail out to numerous companies and individuals to market the offering of a property acquisition located at 4311 Directors Drive, San Antonio, Texas. The e-mail invited recipients to download the infringing model via Harbor's Dropbox account ("Infringing Workbook I"). *See* Exhibit D, Benkert October 8, 2021 E-mail (infringement highlighted). Infringing Workbook I is substantially similar to protectible aspects of the Work and/or is a derivate work of the Work, and Top Shelf owns the exclusive rights to reproduce the Work, prepare derivative works based on the Work, and distribute the Work.

16. On our around December 9, 2021, Defendant Harbor, through its CEO Levi Benkert, sent an e-mail out to numerous companies and individuals to market the offering of a property acquisition located at 400 Conroe Park W Drive, Conroe, Texas. The e-mail invited recipients to download the infringing model via its Dropbox account ("Infringing Workbook II") *See* Exhibit E, Benkert December 9, 2021 E-mail (infringement highlighted). Infringing Workbook II is substantially similar to protectible aspects of the Work and/or is a derivate work of the Work, and Top Shelf owns the exclusive rights to reproduce the Work, prepare derivative works based on the Work, and distribute the Work.

17. Infringing Workbooks I and II (collectively, "Infringing Workbooks") were altered (without authorization from Top Shelf) to remove CMI and to disguise the derivative and infringing nature of the Infringing Workbooks. In order for the Infringing Workbooks to be revised in this manner, one or both of the Defendants necessarily circumvented technological copyright protection measures (e.g., the Protect Workbook with Password feature) in order to remove Top Shelf's CMI (including deleting the Terms of Use workbook tab and Model Number information used to identify authorized and licensed users), disguised the derivative and/or infringing nature

of the Infringing Workbooks, and replaced Top Shelf CMI with CMI indicating that the Defendants owned the copyright in the Work:

| **Accurate Top Shelf CMI** | **False Defendants CMI** |
|:---:|:---:|
|  |  |
|  |  |

## CAUSES OF ACTION

### COUNT I – COPYRIGHT INFRINGEMENT

18. Top Shelf incorporates and adopts by reference Paragraphs 1-17 of the Complaint as if fully set forth herein.

19. Top Shelf is the owner of a registered copyright in the Work, the original subject matter of which includes "text and compilation of text." *See* Exhibit B, OFFACOM20 Copyright Certificate.

20. Defendant Harbor infringed the Work by copying, distributing, making available for download, using, and/or publishing the substantially similar Infringing Workbooks and/or by preparing unauthorized derivative works (i.e., the Infringing Workbooks), which were then copied, made available for download, distributed, used, and/or published to an unknown number of individuals and companies via e-mail by CEO Levi Benkert on at least two separate occasions. One or more infringing activities may have been performed by Harbor's agent, Defendant Scott.

21. The acts of infringement by Defendant Harbor have caused damages to Top Shelf, and Top Shelf is entitled to recover from Defendant Harbor the damages sustained by Top Shelf as a result of the wrongful acts in an amount subject to proof at trial. Defendant Harbor's infringement of Top Shelf's exclusive rights under 17 U.S.C. § 106 will continue to damage Top Shelf's business, causing irreparable harm (including loss of market share), for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II – CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEMS

22. Top Shelf incorporates and adopts by reference Paragraphs 1 - 21 of the Complaint as if fully set forth herein.

23. Top Shelf implemented technological copyright protection measures to protect the Work from being infringed pursuant to the DMCA. *See* 17 U.S.C. § 1201 *et seq.*

24. One or more of the Defendants, or a third party at their direction (discovery will reveal which), circumvented the technological measures in order to access without authorization certain portions of the Work in violation of the DMCA (17 U.S.C. § 1201(a)), which allowed them to commit copyright infringement and remove Top Shelf CMI from the Work.

25. On information and belief, one or more of the Defendants, or a third party at their direction, knowingly and intentionally circumvented the technological measures in order to access the Work without authorization from Top Shelf.

26. Top Shelf is entitled to and seeks to recover actual damages or statutory damages from Defendants not to exceed $2,500 for each act committed in violation of 17 U.S.C. § 1201.

27. Top Shelf is also entitled to and seeks to recover costs and attorney's fees pursuant to 17 U.S.C. § 1203(b)(4)-(5).

## COUNT III – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

28. Top Shelf incorporates and adopts by reference Paragraphs 1-27 of the Complaint as if fully set forth herein.

29. As is its pattern and practice, Top Shelf marked the Work with CMI, including but not limited to the title of the Work, other information identifying the Work, the name of the author of the Work (i.e., Top Shelf), the name of the copyright owner of the work (i.e., Top Shelf), and/or other identifying information about Top Shelf. One or more of the Defendants, or a third party at their direction, violated the DMCA by intentionally removing Top Shelf's CMI, and by distributing/making available for free download copies of the Work and/or unauthorized derivative works knowing that the CMI had been removed.

30. On information and belief, one or more of the Defendants, or a third party at their direction (discovery will reveal which), knowingly and intentionally removed Top Shelf's CMI from the Work without authorization from Top Shelf.

31. Defendants distributed/made available for free download infringing copies and/or unauthorized derivative works knowing that Top Shelf's CMI had been removed or omitted without authorization.

32. On information and belief, at the time the Defendants removed the CMI from the Work, and at the time they distributed/made available for free download copies of the Work and/or unauthorized derivative works, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal their infringement of the Work because the recipients of the Benkert emails would have no reason to think that the Defendants did not own the rights in the Infringing Workbooks or that the Defendants' distribution of the Infringing Workbooks was actually concealed infringement.

33. Top Shelf is entitled to and seeks to recover actual damages or statutory damages from Defendants not to exceed $25,000 for each act committed in violation of 17 U.S.C. § 1202.

34. Top Shelf is also entitled to and seeks to recover costs and attorney's fees pursuant to 17 U.S.C. § 1203(b)(4)-(5).

**COUNT IV – PROVIDING FALSE COPYRIGHT MANAGEMENT INFORMATION**

35. Top Shelf incorporates and adopts by reference Paragraphs 1-34 of the Complaint as if fully set forth herein.

36. One or more of the Defendants, or a third party at their direction, violated the DMCA by removing Top Shelf's CMI and knowingly providing false CMI with the intent to induce, enable, facilitate, or conceal the Defendants' infringement of the Work. By distributing/making available for free download copies of the Work and/or unauthorized derivative works in which Top Shelf's CMI was removed and the Defendants' false CMI was displayed, the Defendants' infringement was intentionally concealed from the recipients of the Benkert e-mails, which enabled and facilitated further infringement of the Work by the Defendants or by the recipients who could no longer identify Top Shelf as the owner/author of the Work because the Defendants' false CMI was the only CMI provided in the Infringing Workbooks.

37. Defendants distributed/made available for free download infringing copies and/or unauthorized derivative works knowing that the false CMI indicating that Defendant Harbor was the owner of the Infringing Workbooks and/or that Scott was the author of the Infringing Workbooks would induce, enable, facilitate, and conceal their infringement of the Work.

38. Top Shelf is entitled to and seeks to recover actual damages or statutory damages from Defendants not to exceed $25,000 for each act committed in violation of 17 U.S.C. § 1202.

39. Top Shelf is also entitled to and seeks to recover costs and attorney's fees pursuant to 17 U.S.C. § 1203(b)(4)-(5).

### COUNT V – VICARIOUS COPYRIGHT INFRINGEMENT AND DMCA VIOLATIONS

40. Top Shelf incorporates and adopts by reference Paragraphs 1-39 of the Complaint as if fully set forth herein.

41. Top Shelf is the owner of a registered copyright in the Work, the original subject matter of which includes "text and compilation of text." *See* Exhibit B, OFFACOM20 Copyright Certificate.

42. Defendant Scott is listed on Defendant Harbor's website as a Senior Real Estate Analyst. *See* Exhibit A, Harbor Capital Website ("Leadership").

43. To the extent that one or more of the infringing actions or DMCA violations (as set forth above) were performed or orchestrated by Defendant Scott, Defendant Harbor is liable for those actions because Scott is an agent of Harbor as an employee acting within his scope of employment or as third party acting under the control and direction of Harbor.

44. Accordingly, Defendant Harbor is vicariously liable to Top Shelf for the infringing activities and any DMCA violations committed by Defendant Scott.

### COUNT VI - CONTRIBUTORY COPYRIGHT INFRINGEMENT

45. Top Shelf incorporates and adopts by reference Paragraphs 1-44 of the Complaint as if fully set forth herein.

46. Top Shelf is the owner of a registered copyright in the Work, the original subject matter of which includes "text and compilation of text." *See* Exhibit B, OFFACOM20 Copyright Certificate.

47. By making the Infringing Workbooks available for free download to an unknown number of individuals and companies, and inviting those individuals and companies to download the Infringing Workbooks, the Defendants knowingly induced, caused, an/or materially contributed to the infringement of the Work.

48. Additionally, by distributing/making available for free download the Infringing Workbooks to an unknown number of individuals and companies in this manner, after having removed the CMI without authorization and deleted the Terms of Use that was included in the Work, the Defendants knowingly induced, caused, and/or materially contributed to the further infringement of the Work because the recipients of the Infringing Workbooks had no reason to know that Defendant Harbor did not have authorization to distribute the Infringing Workbooks, nor did they know that the Infringing Workbooks were subject to Top Shelf's Terms of Use. Upon information and belief, therefore, the unidentified recipients (which will be identified during discovery) of the Infringing Workbooks further infringed the Work by using, reproducing, distributing, publishing, or creating derivative works without Top Shelf's authorization.

49. Accordingly, the Defendants are liable to Top Shelf for contributory copyright infringement for their own contributory copyright infringement, and also for the copyright infringement committed by the recipients, which was made possible by Defendants' intentional direct and/or contributory copyright infringement.

## JURY DEMAND

Top Shelf demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Top Shelf respectfully prays that a final judgment be entered, and that the following relief be granted:

(1)  Ordering an accounting by Defendants of their activities in connection with their infringement of Top Shelf's copyrighted Work, including their gross profits and income generated as a result of their infringing activities;

(2)  Ordering and adjudging that Top Shelf have and recover from the Defendants, jointly and severally, actual damages plus the Defendants' profits, costs of suit, lost profits, and pre-judgment and post-judgment interest as allowed by law for the acts of direct and/or contributory copyright infringement;

(3)  Ordering and adjudging that Top Shelf have and recover from the Defendants, jointly and severally, actual damages plus Defendants' profits, costs of suit, lost profits, and pre-judgement and post-judgement interest as allowed by law for the violations of the DMCA pursuant to 17 U.S.C. § 1203(c)(2);

(4)  At Top Shelf's election, pursuant to 17 U.S.C. § 1203(c)(3)(A), order and adjudge that Top Shelf have and recover from the Defendants statutory damages for each violation of 17 U.S.C.§ 1201 in the sum of not less than $200 and not more than $2,500;

(5)  At Top Shelf's election, pursuant to 17 U.S.C. § 1203(c)(3)(B), order and adjudge that Top Shelf have and recover from the Defendants statutory damages for each violation of 17 U.S.C.§ 1202 in the sum of not less than $2,500 and not more than $25,000;

(6)  Ordering preliminary and permanent injunctions enjoining the aforesaid acts of copyright infringement and violations of the DMCA by the Defendants, their officers, agents, servants, employees, subsidiaries and attorneys, and those persons acting in concert with them, including related individuals and entities, customers, clients, and representatives;

(7)  Awarding attorneys' fees and costs of suit to Top Shelf pursuant to 17 U.S.C. § 1203(b) or as otherwise permitted by law against the Defendants; and

(8) Awarding Top Shelf such other and further relief as this Court deems just and proper.

Dated: January 19, 2022

Respectfully submitted,

s/ Michael B. Regitz
Michael B. Regitz
Attorney-in-Charge
Texas Bar No. 24051238
mike@regitzmauck.com
Dustin M. Mauck
Texas Bar No. 24046373
dustin@regitzmauck.com

**RegitzMauck PLLC**
1700 Pacific Avenue, Suite 2610
Dallas, TX 75201
Telephone: (214) 414-3813
Facsimile: (214) 414-3814

Counsel for Top Shelf Models, LLC